**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4733

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL RYAN PILSON,

Defendant - Appellant.

No. 06-4736

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL RYAN PILSON,

Defendant - Appellant.

No. 06-4737

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL RYAN PILSON,

                                    Defendant - Appellant.

                        ———————————————

                          **No. 06-4931**

                        ———————————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TED EVAN DOUGHTY,

                                    Defendant - Appellant.

                        ———————————————

                          **No. 06-4932**

                        ———————————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TED EVAN DOUGHTY,

                                    Defendant - Appellant.

                        ———————————————

                          **No. 06-4933**

                        ———————————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

- 2 -

TED EVAN DOUGHTY,

                                    Defendant - Appellant.

                    _____

Appeals from the United States District Court for the District of
South Carolina, at Rock Hill and Columbia.  Margaret B. Seymour,
District Judge.  (0:04-cr-01033-MBS; 3:05-cr-00944-MBS; 0:05-cr-
00393-MBS)

                    _____

Submitted:  April 11, 2007              Decided:  May 21, 2007

                    _____

Before TRAXLER and SHEDD, Circuit Judges,  and HAMILTON, Senior
Circuit Judge.

                    _____

Affirmed by unpublished per curiam opinion.

                    _____

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina; Kenneth M. Mathews, Columbia, South Carolina, for
Appellants.  Reginald I. Lloyd, United States Attorney, C. Todd
Hagins, Assistant United States Attorney, Columbia, South Carolina,
for Appellee.

                    _____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Daniel Ryan Pilson and Ted Evan Doughty appeal their convictions and sentences for three counts of bank robbery and one count of conspiracy to escape. Pilson contends the sentence was not reasonable because the district court failed to discuss the 18 U.S.C. § 3553(a) (2000) sentencing factors, imposed a sentence greater than necessary, was unaware it could order a variance sentence and considered improper information in imposing the sentence. Doughty contends the court abused its discretion in denying his motion to withdraw the guilty plea. We affirm.

We review a sentence to determine whether the district court correctly calculated the advisory guideline range and has considered the range, as well as the factors set out in § 3553(a), and whether the sentence is reasonable. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). A sentence within the properly calculated advisory guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Pilson does not argue that the sentencing guidelines' range of imprisonment was not correct. Thus, we find the sentence within the guidelines was reasonable. The district court is not required to list through the § 3553(a) factors. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) ("[r]equiring

- 4 -

district courts to address each factor on the record would . . . be an exercise in unproductive repetition that would invite flyspecking on appeal."). We further find no evidence the court was unaware it could impose a variance sentence given that Pilson's career offender status was arrived at as a result of convictions for minor offenses. We further find no evidence the court considered information outside the PSR in imposing sentence.

With respect to Doughty, we review the district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). When considering whether to allow such a withdrawal, a six-factor analysis is applied. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Under Moore, a district court considers: (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. Id. Although all the factors in Moore must be given appropriate weight, the key to determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. United States v. Puckett, 61

F.3d 1092, 1099 (4th Cir. 1995). We closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

We find no error in the Rule 11 proceeding. After reviewing the transcript, we find no evidence that Doughty's plea was not voluntary and knowledgeable. We further find he failed to assert his actual innocence. We find the district court did not abuse its discretion in denying the motion to withdraw the guilty plea.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED